UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH ANDERSON, individually, and
as the class representative of others
similarly situated,

    Plaintiff,

vs.

CASE NO. 8:17 cv 303 T 26 MAP

JOLI VENTURES, INC.,
a domestic corporation,

CLEARWATER BEACH TREATS, LLC,
a domestic Limited Liability company,

JOHN SGRO and LISA SGRO,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, SARAH ANDERSON, individually, and as class representative of others similarly situated (herein after referred to as "Anderson"), by and through her undersigned counsel, sues JOLI VENTURES, INC., a Florida corporation, CLEARWATER BEACH TREATS, LLC, a domestic limited liability company, JOHN SGRO and LISA SGRO individually (collectively referred to as "Defendants") for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 207 and states as follows:

### PRELIMINARY STATEMENT

1.    The Plaintiff brings this action for violations of the FLSA §207 for failure to pay overtime compensation.

2. Defendants unlawfully misclassified Plaintiff Anderson as an exempt employee to avoid compensating her for time worked in excess of forty (40) hours per week.

3. Defendants failed to pay Plaintiff in accordance with the FLSA. Specifically, Plaintiff was not paid time and a half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

4. In this pleading, "Defendants", means the named Defendants, JOLI VENTURES, INC., a domestic corporation, CLEARWATER BEACH TREATS, LLC, a domestic limited liability company, JOHN SGRO and LISA SGRO, individually, and other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

5. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

7. The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

8. Venue is proper in the District Court because Defendants operate substantial business in Pinellas County, Florida. Furthermore, the damages complained of occurred in Pinellas County at the Defendants' place of business is located in Clearwater, Florida.

9. Plaintiff is a resident of Pasco County, Florida, and was employed by Defendants as a fast food worker from approximately April 16, 2015 until January 19, 2017.

10. At all times relevant to this action, Plaintiff has been an employee within the meaning of 29 USC § 203(e)(1).

**JOHN SGRO AND LISA SGRO**

11. Defendants, JOHN SGRO and LISA SGRO are Florida residents and/or are individuals who conduct business in the State of Florida. They are the sole officers of JOLI VENTURES, INC. They created and directed the pay practices and controlled and directed the work of Plaintiff. JOHN SGRO and LISA SGRO are also officers and managers of Defendant, JOLI VENTURES, INC., thus making them employers within the meaning of the FLSA. See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

12. Defendants, JOHN SGRO and LISA SGRO, are Florida residents and/or are individuals who conduct business in the State of Florida. They are the controlling officers of CLEARWATER BEACH TREATS, LLC. They created and directed the pay practices and controlled and directed the work of Plaintiff. JOHN SGRO and LISA SGRO are also an officers and managers of Defendant, CLEARWATER BEACH TREATS, LLC., thus making them employers within the meaning of the FLSA. See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

**JOLI VENTURES INC.**

13. Defendant, JOLI VENTURES, INC., is a Florida Corporation with its principal address at 405 Ventura Drive, Oldsmar, FL 34677 and may be served through its registered agent

for service of process, JOHN SGRO, at his stated address at 405 Ventura Drive, Oldsmar, FL 34677.

14. At all times material hereto, JOLI VENTURES, INC. was an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, JOLI VENTURES, INC. was the "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203.

### CLEARWATER BEACH TREATS, LLC

16. Defendant, CLEARWATER BEACH TREATS, LLC., is a Florida Limited Liability Company with its principal address at 22 Bay Esplanade, Clearwater, FL 33767 and may be served through its registered agent for service of process, Devan Mathura, , at his stated address at 1901 S. John Young Pkwy, Suite 101, Kissimmee, FL 34741.

17. At all times material hereto, CLEARWATER BEACH TREATS, LLC. was an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, CLEARWATER BEACH TREATS, LLC. was the "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203.

19. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee. 29 USC § 203(d). See also Boucher v. Shaw, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common-law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

20. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

21. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

22. Plaintiff Anderson was employed by Defendants as a fast food worker from approximately April 16, 2015 until January 19, 2017.

23. Plaintiff's job duties as a fast food worker included serving food, cleaning facilities, customer service, and cashier duties, and all other activities so directed by JOLI VENTURES, INC., CLEARWATER BEACH TREATS, LLC, and its officers and agents JOHN SGRO and LISA SGRO.

24. Plaintiff was provided with a list of duties and tasks to perform by JOLI VENTURES, INC., CLEARWATER BEACH TREATS, LLC, and its officers and agents JOHN SGRO and LISA SGRO.

25. At all times relevant, Plaintiff was supervised by JOLI VENTURES, INC., CLEARWATER BEACH TREATS, LLC, and its officers and agents JOHN SGRO and LISA SGRO., and did not have the right to independent operations or decision making.

26. Plaintiff worked in excess of forty (40) hours per week but did not receive appropriate overtime compensation.

27. Defendants' failure to properly pay Plaintiff was a willful violation of the FLSA.

28. Defendants have no good faith basis for failing to pay Plaintiff appropriately nor for failing to pay the appropriate overtime.

29. Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

30. Plaintiff does not have the authority to hire, fire, or discipline other employees.

31. Plaintiff is a non-exempt employee whose duties dictate the same; her job duties do not involve the use of discretion in the performance of her job.

32. Plaintiff's position is subject to the FLSA wage provisions.

33. Plaintiff often worked more than eight-hour days for six (6) days per week. Plaintiff worked overtime hours consistently throughout her employment and was not properly compensated.

34. Defendants compensated Anderson at a rate of $8.50 per hour, $9.50 per hour and $10.00 per hour, respectively.

35. For purposes of this action, Defendants operated two Dairy Queen locations in Pinellas County Florida. Those Dairy Queens possessed the same management and two of the same operating/ managing owners. Furthermore, both stores utilized the same payroll company to pay all employees.

36. The two Dairy Queen locations were identical in their operation and Plaintiff was performing the same Job duties under the same management for both locations.

37. Plaintiff was provided a mixed compensation plan by Defendants to avoid compensating her for overtime hours worked in excess of forty (40) hours per work week, often working as many as forty-six (46) hours of uncompensated overtime per pay period.

38. Plaintiff complained to Defendants regarding their unlawful pay practices.

39. After being advised by Plaintiff of the unlawful pay practices, Defendants advised that they would alter their practice and comply with FLSA, but failed to do so repeatedly.

40. Plaintiff ceased work for Defendants under duress due to compensation terms prohibited by the FLSA.

## COUNT I
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
### (as to John Sgro)

41. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 40 as if fully set forth herein.

42. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

43. Defendant is an employer within the meaning of 29 USC § 203(d).

44. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

45. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

46. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

47. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

48. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

49. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff as an independent contractor.

50. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant. If these records are unavailable, Plaintiff may establish the hours

he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

51. Plaintiff is entitled to time and one-half of her regular hourly rate for each hour worked in excess of forty (40) hours per work week.

52. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of her Social Security and employer contributions to Social Security benefits.

53. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, SARAH ANDERSON, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendant to pay an award of damages to fully compensate Anderson for overtime wages and other compensation to which he is entitled;

B. Order Defendant to pay liquidated damages;

C. Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D. Order Defendant to pay compensatory damages allowable at law;

E. Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b)

and; grant such further relief as the court deems just, necessary, and proper.

<u>**COUNT II**</u>
<u>**VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)**</u>
<u>**(as to Lisa Sgro)**</u>

54. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 40 as if fully set forth herein.

55. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

56. Defendant is an employer within the meaning of 29 USC § 203(d).

57. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

58. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

59. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

60. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

61. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

62. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff as an independent contractor.

63. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

64. Plaintiff is entitled to time and one-half of her regular hourly rate for each hour worked in excess of forty (40) hours per work week.

65. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of her Social Security and employer contributions to Social Security benefits.

66. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, SARAH ANDERSON, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendant to pay an award of damages to fully compensate Anderson for overtime wages and other compensation to which he is entitled;

B. Order Defendant to pay liquidated damages;

C. Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D. Order Defendant to pay compensatory damages allowable at law;

E. Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## COUNT III
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
## (JOLI Ventures, Inc.)

67. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 40 as if fully set forth herein.

68. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

69. Defendant is an employer within the meaning of 29 USC § 203(d).

70. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

71. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

72. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

73. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

74. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

75. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff as an independent contractor.

76. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

77. Plaintiff is entitled to time and one-half of her regular hourly rate for each hour worked in excess of forty (40) hours per work week.

78. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of her Social Security and employer contributions to Social Security benefits.

79. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, SARAH ANDERSON, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendant to pay an award of damages to fully compensate Anderson for overtime wages and other compensation to which he is entitled;

B. Order Defendant to pay liquidated damages;

C. Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D. Order Defendant to pay compensatory damages allowable at law;

E. Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## COUNT IV
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
### (as to Clearwater Beach Treats, LLC)

80. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 40 as if fully set forth herein.

81. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

82. Defendant is an employer within the meaning of 29 USC § 203(d).

83. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

84. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

85. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

86. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

87. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

88. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff as an independent contractor.

89. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

90. Plaintiff is entitled to time and one-half of her regular hourly rate for each hour worked in excess of forty (40) hours per work week.

91. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of her Social Security and employer contributions to Social Security benefits.

92. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, SARAH ANDERSON, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendant to pay an award of damages to fully compensate Anderson for overtime wages and other compensation to which he is entitled;

B. Order Defendant to pay liquidated damages;

C. Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D. Order Defendant to pay compensatory damages allowable at law;

E. Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b)

and; grant such further relief as the court deems just, necessary, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiff, SARAH ANDERSON, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, JOLI VENTURES, INC., a Florida corporation, CLEARWATER BEACH TREATS, LLC, a domestic limited liability company, JOHN SGRO and LISA SGRO individually, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this 3rd of February, 2017.

        TRAGOS, SARTES & TRAGOS, PLLC

        */s/ Peter L. Tragos.*
        Peter L. Tragos, Esq.
        601 Cleveland Street, Suite 800
        Clearwater, Florida 33755
        Phone:   (727) 441-9030
        Facsimile: (727) 441-9254
        Florida Bar No: 0106744
        petertragos@greeklaw.com
        linda@greeklaw.com